

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin Hall
Fire Insurance Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-2360
Re: Authority of Fire Insurance
Commissioner to inspect and con-
demn electrical wiring.

This will acknowledge receipt of your letter of
May 9, 1940, in which you seek the opinion of this depart-
ment upon seven questions therein presented. We deem it
essential to here set out your letter in full for a clear
understanding of the factual situation:

"In the territory immediately surrounding
the city of Houston, numerous new additions are
being opened. Inasmuch as these additions are
beyond the city limits, the city has no authority
to make electrical inspections to prevent hazardous
wiring from being installed.

"The desirability of such inspections is self
apparent and the writer has been called upon, in
his official position as ex-officio State Fire
Marshal, to make such inspections and to condemn
hazardous wiring, if found. In connection there-
with the following questions have arisen:

"(1) Do I, as State Fire Marshal, have author-
ity to inspect the electrical wiring in houses under
construction?

"(2) If your answer is in the affirmative, do
I, as State Fire Marshal, have the authority to
condemn such wiring if same is found unsafe and
cause the removal, or correction, thereof?

"(3) Can I prohibit the power companies from
furnishing electricity to such unsafe wiring?

Honorable Marvin Hall, Page 2

"(4) If your answer to the foregoing questions are in the affirmative, may I appoint a deputy fully qualified, to act in my place and stead in making these inspections?

"(5) If your answer to proposition number 4 is in the affirmative, do I have the authority to allow the deputy reasonable compensation for services rendered in making the inspections?

"(6) Do I have the authority to assess and collect, from the property owner or contractor, a reasonable fee for making such inspections?

"(7) If I do have the authority to assess and collect such fee, will it be legal to allow the deputy to collect and retain for his own use such fees as compensation for his services?"

Article 4897 of the Revised Civil Statutes of Texas, 1925, deals with the authority and duty of the State Fire Marshal. It is:

"The State Fire Marshal is hereby authorized to enter at any time any buildings or premises where fire occurred or is in progress, or any place contiguous thereto, for the purpose of investigating the cause, origin and circumstances of such fire. The State Fire Marshal, upon complaint of any person, shall, at all reasonable hours, for the purpose of examination, enter into and upon all buildings and premises within this State, and it shall be his duty to enter upon and make or cause to be entered upon and made, at any time, a thorough examination of mercantile, manufacturing and public buildings, and all places of public amusement, or where public gatherings are held, together with the premises belonging thereto. Whenever he shall find any building or other structure which for want of repair or by reason of age or dilapidated condition, or which for any cause is liable to fire, and which is so situated as to endanger other buildings or property, or is so occupied that fire would endanger persons or property therein, and whenever he shall find an improper or dangerous arrangement of stoves, ranges, furnaces or other heating appliances of any kind whatsoever, including chimneys, flues and pipes with which the same may be connected, or dangerous

Honorable Marvin Hall, Page 3

arrangement or lighting systems or devices, or dangerous storage of explosives, compounds, petroleum, gasoline, kerosene, dangerous chemicals, vegetable products, ashes, combustible, inflammable and refuse materials, or other conditions which may be dangerous in character, or liable to cause or promote fire, or create conditions dangerous to firemen or occupants, he shall order the same to be removed or remedied, and such order shall be forthwith complied with by the occupant or owner of such building or premises, and the State Fire Marshal is hereby authorized, when necessary, to apply to a court of competent jurisdiction for the necessary writs or orders to enforce the provisions of this article and in such case he shall not be required to give bond."

Article 4682a, of the Revised Civil Statutes of Texas, as amended by Acts of 1927, 40th Legislature, page 329, Chapter 224, para, 5, provides in part:

"....The duties heretofore placed upon and the powers and privileges heretofore exercised by the State Fire Marshal are now to be placed upon and exercised and enjoyed by the Fire Insurance Commissioner."

Referring again to Article 4897, supra, from which, as ex officio fire marshal, you acquire your power of investigation, it appears that your rights and duties may be classified into three subdivisions as follows:

1. You are authorized "to enter at any time any building or premises where fire occurred or is in progress, or any place contiguous thereto, for the purpose of investigating the cause, origin and circumstances of such fire."

2. You shall "upon complaint of any person .... at all reasonable hours for the purpose of examination, enter into and upon all buildings and premises within this State...." (Underscoring ours)

3. It is your duty to enter into and upon all "mercantile, manufacturing and public buildings, and all places of public amusement, or where public gatherings are held, together with the premises belonging thereto" for the purpose of examination to determine the conditions with respect to fire hazards.

Honorable Marvin Hall, Page 4

Summarizing these arbitrary subdivisions, it appears that you may enter into and upon the properties described in Sections 1 and 3 thereof at will for such inspections as you deem necessary and proper; that as a necessary prerequisite to your right to enter into and upon the properties mentioned in subdivision 2 hereof you must have a complaint made to you by some person as to the probable need for an inspection.

We believe that the private residences involved in the instant inquiry fall within this second subdivision.

## QUESTION NO. I

Subject to the limitation hereinabove discussed we answer your first question in the affirmative.

## QUESTION NO. II

Article 4897, supra, further provides that whenever you "....shall find....dangerous arrangement or lighting systems or devices....shall order the same removed or remedied ....." The word "or" underscored in the quotation hereinabove appears to be an error of the printer as the word "of" is used in the original act. Your second question is answered in the affirmative.

## QUESTION NO. III

Article 4897, supra, further provides that after you have found a dangerous condition and have ordered the same removed or remedied "such order shall be forthwith complied with by the occupant or owner of such building or premises, and the State Fire Marshal is hereby authorized, when necessary, to apply to a court of competent jurisdiction for the necessary writs or orders to enforce the provisions of this act....." Without passing upon the specific question of whether or not the company undertaking to furnish power should be made a party to the suit, it may be effectively prohibited from furnishing such power by an injunction directed at the owner of the premises prohibiting him from permitting a connection being made until the unsafe condition has been remedied.

## QUESTIONS NOS. IV AND V

Article 4898 of the Revised Civil Statutes provides in part:

"If for any reason the State Fire Marshal is

Honorable Marvin Hall, Page 5

unable to make any required investigation in person, he may designate the fire marshal of such city or town or some other suitable person to act for him; and such person shall have the same authority as is herein given the State Fire Marshal with reference to the particular matter to be investigated by him, and shall receive such compensation for his services as the State Insurance Commission may allow...."

Your fourth question is answered in the affirmative.

Your fifth question is likewise answered in the affirmative, subject of course to all limitations contained in the pertinent statutes and the general appropriation bill. We have made no investigation of and do not here pass upon the question of the availability of funds for that purpose.

QUESTIONS NOS. VI, AND VII

Article 4818, supra, authorizes you to assess and collect fees and expenses from one requesting an investigation of a fire but a diligent search of the statutes reveals a total lack of authority vested in you to assess and collect fees and expenses for the kind and character of investigation which we are here considering. Having no such authority, it is apparent that you cannot authorize some agent to do that which you cannot do. Your questions Nos. 6 and 7 are both answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Lloyd Armstrong_
Lloyd Armstrong
Assistant

LA:AW

APPROVED MAY 23, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY ___ CHAIRMAN